[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a note given by the three defendants to the plaintiff as part payment for the sale by the plaintiff to the defendant corporation of a vending machine business.
On the first examination of the situation it would appear that the plaintiff's claim for judgment against the three defendants should be granted. However, the court believes that certain parts of the financial situation between the parties should be further examined and explained to the court before judgment enters.
Among the items of personal property transferred by the plaintiff to the defendant corporation was a "1979 Chevy Cube Van". Paragraph 5 of the "agreement" between the parties and the Crocamo Vending Machine Co. dated October 11, 1983 states:
 Seller represents and warrants that Seller owns, outright and has good and marketable title to all of the assets. Seller is in possession of all of the assets to the extent that the assets are capable of possession. The assets are subject to no liens, mortgages, pledges, security interests, encumbrances or charges of any kind, including without limitation all of the personal property referred to herein."
The 1979 Chevy cube van was included in Schedule A (Articles of Personal Property) attached to said agreement. In fact, there was $1,200 owed on the van. When an attempt was made to transfer the van to the defendant corporation a lien was found to have been placed on it for the $1,200 owed. The $1,200 was paid off some time later but it was not clear whether the funds for the pay off came from the defendant corporation or from the plaintiff.
The defendant Richard W. Ruscoe testified that he was to put $10,000 into the defendant corporation and that the defendant Clemente Crocamo also was to put $10,000 into it. Defendants' Exhibit 7 is a check for $10,000 dated October 11, 1983 signed by the defendant Ruscoe payable to the plaintiff. The defendant Crocamo testified that he did not put $10,000 in cash into the defendant corporation, but that he did put money into it by CT Page 6346 assuming two notes the plaintiff had to pay. His attention was then directed to Defendants' Exhibit 8. This was a bank treasurer's check for $10,000 payable to him and purchased by the plaintiff on October 7, 1983. The court does not know what to believe. From the testimony, it is apparent that the defendant Crocamo did not have $10,000 to put into the defendant corporation and that amount was given to him by his father, the plaintiff, for his share to be put into the defendant corporation. However, instead of the defendant Crocamo getting the money, it was given to Attorney James McCarthy as trustee to be held in an escrow account bearing interest for the plaintiff as security for a note payable and due January 2, 1984. The plaintiff could not lose under this plan. He could take $10,000 from his bank, give it to Attorney McCarthy to hold, get interest on it and get it back on January 2, 1984, to put it back into his bank. The note must have been given to him by the defendant Crocamo to satisfy the latter's obligation to put $10,000 into the defendant corporation to match the $10,000 put by the defendant Ruscoe into the defendant corporation.
The defendant corporation did not do very well the first year but thereafter did make money. The defendant Ruscoe left the enterprise in February 1987. According to plaintiff's Exhibit B, the note in question, the plaintiff was to receive $536.21 on the tenth of each month beginning November 11, 1983 and continuing until the note was paid off. Plaintiff's Exhibit D shows that the $536.20 was paid until March 27, 1987 when the payments stopped. Why the payments stopped was not explained except for the defendant Crocamo's statement that the defendant corporation did not have the money.
The court notes that at the time when the defendant Ruscoe left the enterprise in February 1987 he was being paid $525 a week as an employee or $2,257 a month. The note the three defendants signed required a payment of $536.21 a month. His leaving would free $2,257 in corporate expenses and from that amount $536.21 could have been paid on the note and the balance of $1,721.29 could have been diverted to the other corporate expenses. That set of facts require some explanation besides the defendant Crocamo's testimony that the corporation did not have the money to continue payments on the note.
It is obvious to the court that the defendant corporation's action in stopping the monthly payments on the note must have been decided by the plaintiff or agreed on by him. His action concerning his son's payment of $10,000 into the corporation as set out above shows that he was deeply and directly involved in the affairs of the corporation.
In view of the above the court will not enter judgment on the note now for the amount claimed against the three defendants. The CT Page 6347 court needs more information about the affairs of the parties' before doing so.
The court will assign for hearing case no. 022832 — Richard Ruscoe vs. The Crocamo Vending Machine Co. in which the plaintiff is asking for the appointment of a receiver for the defendant corporation and also for a decree dissolving the corporation.
Accordingly, that case is assigned for hearing on August 24, 1982 at 9:30 a.m.
Thomas J. O'Sullivan Trial Referee